Case: 1:24-cv-03459
Assigned To : McFadden, Trevor N.
Assign. Date : 12/2/2024
Description: Pro Se Gen. Civ. (F-DECK)

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIN WAH KUNG | ) Case Number: |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES,** |
| | ) **DECLARATORY AND INJUNCTIVE** |
| vs. | ) **RELIEFS** |
| DEMOCRATIC NATIONAL | ) |
| COMMITTEE, OHIO DEMOCRATIC | ) |
| PARTY, BIDEN FOR PRESIDENT, INC., | ) |
| BFPCC, INC. d/b/a HARRIS FOR | ) |
| PRESIDENT, ACTBLUE CHARITIES, | ) |
| INC., ACTBLUE CIVICS, INC., | ) |
| ACTBLUE LLC, ACTBLUE TECHNICAL | ) |
| SERVICES, INC., JOSEPH ROBINETTE | ) |
| BIDEN JR., DOUGLAS CRAIG EMHOFF, | ) |
| KAMALA DEVI HARRIS, BARACK | ) |
| HUSSEIN OBAMA II, DOES 1 | ) |
| THROUGH 100, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Kin Wah Kung ("Plaintiff") brings this complaint against Defendants

Democratic National Committee, Ohio Democratic Party, Biden for President, Inc., BFPCC, Inc.

d/b/a Harris for President, ActBlue Charities, Inc., ActBlue Civics, Inc., ActBlue LLC, and/or

ActBlue Technical Services, Inc., Joseph Robinette Biden Jr., Douglas Craig Emhoff, Kamala

Devi Harris, Barack Hussein Obama II, Does 1 through 100, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1331.

2. This Court has supplementary jurisdiction over this action under 28 U.S.C. § 1367(a).

3. Venue in the District of Columbia is proper pursuant to 28 U.S.C. § 1391(b)(3).


**PARTIES**

4. Plaintiff is an individual, who, at all relevant times during the events alleged herein, resided in the City of Fremont, County of Alameda, California.

5. Democratic National Committee ("DNC") is a national committee registered with the Federal Election Commission as DNC Services Corp./Democratic National Committee, defined by and used in 52 U.S.C. § 30101, dedicated to electing local, state, national candidates - including presidential candidates - of the Democratic Party to public offices, with its principal office located at Washington, District of Columbia.

6. Ohio Democratic Party ("ODP") is a state committee registered with the Federal Election Commission, defined by and used in 52 U.S.C. § 30101, dedicated to electing local, state, national candidates - including presidential candidates - of the Democratic Party to public offices, with its principal office located at the City of Columbus, Franklin County, Ohio. Upon information and belief, ODP is affiliated with DNC.

7. Biden for President, Inc. ("Biden's Campaign") is a principal campaign committee registered with the Federal Election Commission, defined by and used in 52 U.S.C. § 30101, dedicated for Joseph Robinette Biden Jr. as the Democratic Party candidate to the President of the United States, with its principal office located at the City of Philadelphia, Pennsylvania. Upon information and belief, Biden's Campaign is affiliated with DNC.

8        BFPCC, Inc. d/b/a Harris for President ("Harris's Campaign") is a principal campaign committee registered with the Federal Election Commission, defined by and used in 52 U.S.C. § 30101, dedicated for Kamala Devi Harris as the Democratic Party candidate to the President of the United States, with its principal office located at the City of Philadelphia, Pennsylvania. Upon information and belief, Harris's Campaign is affiliated with DNC.

9.       ActBlue Charities, Inc., ActBlue Civics, Inc., ActBlue LLC, and/or ActBlue Technical Services, Inc., collectively known as "ActBlue", are a series of nonprofit organizations founded by Benjamin Rahn and Matt DeBergalis, with its principal office located at the City of Somerville, Middlesex County, Massachusetts. Per ActBlue's website, ActBlue are dedicated for the Democratic Party candidates[1]. Upon information and belief, ActBlue are affiliated with all other Defendants.

10.      Joseph Robinette Biden Jr. ("Biden") is an individual, who, at all relevant times during the events alleged herein, resided in the District of Columbia. Biden is currently the President of the United States. Biden is sued in his individual capacity, unrelated to his official capacity.

11.      Douglas Craig Emhoff ("Emhoff") is an individual, who, at all relevant times during the events alleged herein, resided in the District of Columbia. Emhoff is sued in both his individual capacity, and as a married person to Kamala Devi Harris, in pursuant to Cal. Fam. Code § 910, subdivision (a).

12.      Kamala Devi Harris ("Harris") is an individual, who, at all relevant times during the events alleged herein, resided in the District of Columbia. Harris is currently the Vice President of the United States. Harris is sued in both her individual capacity, unrelated to her

---

[1] *See* https://help.actblue.com/hc/en-us/articles/19343028274583-What-is-the-difference-between-ActBlue-ActBlue-Civics-AB-Charities-and-ActBlue-Technical-Services

3

official capacity; and as a married person to Emhoff, in pursuant to Cal. Fam. Code § 910, subdivision (a).

13.     Barack Hussein Obama II ("Obama") is an individual, who, at all relevant times during the events alleged herein, resided in the District of Columbia. Obama was the 44th President of the United States. Obama is sued in his individual capacity.

14.     Plaintiff is not aware of the true names and capacities of the defendants sued as Does 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Each of these fictitiously named defendants is responsible in some manner for the activities alleged in this Complaint. Plaintiff will amend this Complaint to add the true names of the fictitiously named defendants once they are discovered.

## FACTUAL ALLEGATIONS

15.     Plaintiff is the sole user of his cellular phone number 415-637-8146 since the inception of his cellular service in 2001.

## A. PRIOR PROCEEDING

16.     Beginning 2020, Plaintiff received numerous text messages that are political in nature, relating to elections of federal offices in Ohio.

17.     Plaintiff was puzzled about the receipt of the text messages. Specifically 1) Plaintiff maintained no contact of any kind with Ohio; 2) Plaintiff, at all relevant times, is a California resident and a registered voter of the State; 3) Plaintiff has never consented about receiving text messages that are political in nature.

18.     Upon information and belief, Plaintiff's phone number was erroneously

associated with a Sean Patrick Cahill, an Ohio resident. Plaintiff believed this erroneous association caused Plaintiff's receipt of these text messages which were unrelated to Plaintiff.

19.    On or about August 30, 2020, in response to these unwanted political text messages, Plaintiff initiated a legal proceeding in the United States District Court for the Northern District of Ohio ("Prior Proceeding"). *See* Exhibit 1 for its Docket Report.

20.    Eventually, the Prior Proceeding was settled.

## B. INSTANT PROCEEDING

21.    After Prior Proceeding's settlement, Plaintiff has not received text messages that are political in nature until mid-2024.

22.    Specifically, on or about July 22, 2024, Plaintiff received a text message related to the Biden's Campaign, with the essence of the message was an appreciation of support as Biden announced his withdrawal of his Presidential candidacy a day prior[2].

23.    On or about August 6, 2024, Plaintiff received a text message related to Harris's Campaign, with the essence of the message was to seek Plaintiff's support, including, but not limited to a contribution to ActBlue[3]. The actual message received has been attached as Exhibit 2.

24.    On or about August 21, 2024, Plaintiff received another text message related to Harris's Campaign, with the essence of the message was to seek Plaintiff's support including, but not limited to a contribution to ActBlue[4],. The actual message received has been attached as

---

[2] The text message was sent from (302) 219-4273. The sender was self-identified as Biden.

[3] The text message was sent from (877) 406-5590. The sender was self-identified as Harris.

[4] The text message was sent from (877) 406-5590. The sender was self-identified as Obama.

Exhibit 3.

25.     On or about August 23, 2024, Plaintiff received another text message related to Harris's Campaign, with the essence of the message was to seek Plaintiff's support, including, but not limited to a contribution to ActBlue[5]. The actual message received has been attached as Exhibit 4.

26.     On or about September 10, 2024, Plaintiff received another text message related to Harris's Campaign, with the essence of the message was to seek Plaintiff's support, including, but not limited to a contribution to ActBlue[6]. The actual message received has been attached as Exhibit 5.

27.     On or about September 24, 2024, Plaintiff received another text message related to Harris's Campaign, with the essence of the message was to seek Plaintiff's support, including, but not limited to a contribution to ActBlue for a trip to meet Harris[7]. The actual message received has been attached as Exhibit 6.

28.     On or about September 27, 2024, Plaintiff received another text message related to Harris's Campaign, with the essence of the message was to seek Plaintiff's support, including, but not limited to a contribution to ActBlue[8]. The actual message received has been attached as Exhibit 7.

29.     On or about October 30, 2024, Plaintiff received another text message related to Harris's Campaign, with the essence of the message was to seek Plaintiff's support, including,

---

[5] The text message was sent from (877) 406-5590. The sender was self-identified as Harris.

[6] The text message was sent from (877) 406-5590. The sender was self-identified as Emhoff.

[7] The text message was sent from (877) 406-5590. The sender was self-identified as Harris's Campaign.

[8] The text message was sent from (877) 406-5590. The sender was self-identified as Harris.

but not limited to a contribution to ActBlue[9]. The actual message received has been attached as Exhibit 8.

30.     On or about October 31, 2024, Plaintiff received another text message related to Harris's Campaign, with the essence of the message was to seek Plaintiff's support, including, but not limited to a contribution to ActBlue[10]. The actual message received has been attached as Exhibit 9.

31.     At all relevant times, Plaintiff has never consented about receiving text messages that are political in nature

32.     The intervention of this Court is required to resolve these claims.

## CAUSE OF ACTION

### I.      TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227

### (Against All Defendants)

33.     Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 32 above as though fully set forth herein.

34.     The Congress enacted the Telephone Consumer Protection Act, as amended ("TCPA") to restrict telephone solicitations and the use of automatic telephone dialing system ("ATDS").

35.     Upon information and belief, the political nature of text messages demonstrated that DNC, ODP, Biden's Campaign, Harris's Campaign, Biden, Emhoff, Harris, Obama, and/or Does 1-100 were involved at least in some degrees related to the transmission of the text

---

[9] The text message was sent from (302) 273-1379. The sender was self-identified as Harris.

[10] The text message was sent from (302) 273-1379. The sender was self-identified as Harris.

messages at issue to Plaintiff.

36.    Furthermore, the generic nature of Defendants' text messages, combined with the number of messages sent by Defendants, demonstrated that Defendants utilize an ATDS in transmitting the messages.

37.    Specifically, upon information and belief, Defendants utilize a combination of hardware and software systems to send the text messages at issue. The systems utilized by Defendants have the capacity to capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention.

38.    Defendants violated the TCPA by sending unsolicited text messages to Plaintiff their cellular phones without first obtaining their prior express consent and using equipment which constitutes an ATDS for the express purpose of marketing Defendant's goods and/or services.

39.    In addition, Defendants' conducts were willful. Specifically:

a)    Upon information and belief, Defendants are once again targeted the mistaken identity in Ohio instead of Plaintiff's true identity in California. Hence, there is no reasonable expectation that, given the political nature of text messages, a recipient who is never within Defendants' geopolitical influence would consent to receive such message, while the recipient's phone number in question appears to associate outside Defendants' geopolitical influence.

b)    Among all defendants, DNC, ODP, Biden's Campaign, Harris's Campaign, Biden, Emhoff, and Harris[11] have been promptly noticed given prior proceeding.

40.    Defendants' text messages caused Plaintiff actual harm including, but not limited

---

[11] DNC, ODP, Biden's Campaign – Actual Notices; Harris's Campaign, Biden, Emhoff, and Harris – Constructive Notices.

to, invasion of his personal privacy, aggravation, nuisance and disruption in his daily lives, reduction in cellular telephone battery life, data loss, and loss of use of his cellular telephones.

41.     As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to actual damages or an award of $500 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct.

## II.     INTRUSION INTO PRIVATE AFFAIRS – Cal. Const. art. I, § 1
## (Against All Defendants)

43.     Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 32 above as though fully set forth herein.

44.     The people of the State of California shall have inalienable rights, including but not limited to, the right of privacy. *See* Cal. Const. art. I, § 1.

45.     As a resident of California, Plaintiff had a reasonable expectation of privacy by not receiving unwanted text messages, regardless if they are political in nature or not.

46.     DNC, ODP, Biden's Campaign, Harris's Campaign, Biden, Emhoff, Harris, Obama, and/or Does 1-100 intentionally intruded Plaintiff's privacy by sending unwanted text message to Plaintiff.

47.     DNC, ODP, Biden's Campaign, Harris's Campaign, Biden, Emhoff, Harris, Obama, and/or Does 1-100' intrusion would be highly offensive to a reasonable person.

48.     DNC, ODP, Biden's Campaign, Harris's Campaign, Biden, Emhoff, Harris,

Obama, and/or Does 1-100' intrusion caused harm to Plaintiff.

49.     As a result of DNC, ODP, Biden's Campaign, Harris's Campaign, Biden, Emhoff, Harris, Obama, and/or Does 1-100' intrusion, Plaintiff has suffered damages in an amount to be determined by this Court.

50.     As DNC, ODP, Biden's Campaign, Harris's Campaign, Biden, Emhoff, Harris, Obama, and/or Does 1-100' intrusion were intentionally and/or recklessly disregarded, DNC, ODP, Biden's Campaign, Harris's Campaign, Biden, Emhoff, Harris, Obama, and/or Does 1-100 should be guilty of oppression, fraud, and/or malice under Cal. Civ. Code §3294. As a result, Plaintiff is entitled to recover, in addition to actual damages, punitive and exemplary damages to punish and to make an example of DNC, ODP, Biden's Campaign, Harris's Campaign, Biden, Emhoff, Harris, Obama, and/or Does 1-100, in an amount to be determined by this Court.

## RESERVATION OF ADDITIONAL CAUSES

51.     Plaintiff reserves his right to assert additional causes of action in the event that they would be appropriate.

//

//

//

//

//

//

//

//

10

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1.  A judicial declaration that Defendants have violated TCPA; and/or,

2.  Preliminarily and/or permanently enjoin Defendants from send any further text message to Plaintiff; and/or,

3.  On First Cause of Action (TCPA):

    a.  i.  Actual damages as determined by this Court; or

        ii.  Statutory damages as determined by this Court; and

    b.  Treble damages as determined by this Court.

4.  On Second Cause of Action (Intrusion Into Private Affairs):

    a.  i.  Nominal damages as determined by this Court; or

        ii.  Actual damages as determined by this Court; and

    b.  Punitive damages as determined by this Court.

5.  For costs of this suit incurred herein.

6.  For other such further reliefs as this Court may deem just and proper.


DATED: November 26, 2024          Respectfully submitted,


/s/ Kin Wah Kung

KIN WAH KUNG
4411 Elaiso Common
Fremont, CA 94536-5626
Phone: 415-637-8146

*Plaintiff In Pro Per*

11