UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KIN WAH KUNG,**<br><br>  Plaintiff,<br><br>  v.<br><br>**DEMOCRATIC NATIONAL COMMITTEE, et al.,**<br><br>  Defendants. | Case No. 1:24-cv-03459 (TNM) |

### MEMORANDUM OPINION

Frustrated by unwanted texts soliciting political donations, Kin Wah Kung filed this lawsuit. *See* Am. Compl. ¶¶ 22–23, ECF No. 16. He quickly settled with most of the defendants—including the politicians who allegedly sent the texts. *See* Notice of Settlement, ECF No. 10. The only named defendants left now move to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim. *See* Am. Compl. ¶ 9, ECF No. 16; Mot. to Dismiss at 6, ECF No. 18-1. Because the Court agrees that it lacks personal jurisdiction over the Massachusetts-based defendants, it will grant their motion.

I.

Kung is a California resident who received several political text messages in the months before the 2024 presidential election. Am. Compl. ¶¶ 4, 22–30; *see* Am. Compl. at 14–21 (screenshots of messages). Some messages identified Kamala Harris as the sender. Am. Compl. at 14, 16, 19, 21. Others said they came from Barack Obama, Joe Biden, and Doug Emhoff. Am. Compl. at 15, 17; Am. Compl. ¶ 22. Each text asked Kung to donate to Harris's campaign using a provided link. Am. Compl. at 14–21.

Kung did not want these messages. *See* Am. Compl. ¶ 31. In fact, he sued the Democratic National Committee and several politicians in the Northern District of Ohio over similar texts in 2020. Am. Compl. ¶¶ 16–20. That lawsuit settled and Kung was unbothered for a time. Am. Compl. ¶¶ 20, 21.

When the messages resumed the next election cycle, Kung sued here. *See* Compl., ECF No. 1. Proceeding pro se, Kung brings a Telephone Consumer Protection Act, 47 U.S.C. § 227, claim and a California tort claim. Am. Compl. ¶¶ 33–42, 43–50. Among the named defendants were the four individual politicians who allegedly sent the texts, the DNC, a state political party, and two campaign committees. Am. Compl. ¶¶ 5–8. Most of these defendants were party to Kung's last lawsuit, and they settled yet again. *See* Notice of Settlement.

After the settlement, four named defendants remained. *See* Am. Compl. ¶ 9. Those defendants, collectively known as "ActBlue," are related nonprofits that help Democrats fundraise. Am. Compl. ¶ 9. They apparently ran the donation website linked in the texts Kung received. Am. Compl. ¶¶ 23–30; *see* Am. Compl. at 14–21 (text screenshots showing a link to a "secure.actblue.com/donate"). ActBlue now moves to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim. That motion is ripe.[1]

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), Kung must make a prima facie showing that the Court has personal jurisdiction over the defendants.

---

[1] After opposing dismissal, Kung noted that he intends to file a second amended complaint. Notice of Intent, ECF No. 23. He plans to substitute the unnamed Doe defendants for named defendants. *Id.* at 1. Kung's notice does not, however, explain how these potential defendants relate to this case. Nor does he provide information enabling the Court to evaluate its jurisdiction over these entities. *See id.* at 1–2. Further, Kung has not actually moved to amend his complaint. He says he will not do so until the Court decides ActBlue's motion to dismiss. *Id.* at 2. The Court thus does not address the propriety of the proposed amendment.

*Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005).  And while the Court applies a less stringent standard to Kung's allegations than to pleadings drafted by lawyers, *see Harris v. Bowser*, 404 F. Supp. 3d 190, 195 (D.D.C. 2019), *aff'd*, 843 F. App'x 328 (D.C. Cir. 2021), he must still "plead an adequate jurisdictional basis" for his claims, *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).

"Bare allegations and conclusory statements are insufficient."  *Johns v. Newsmax Media, Inc.*, 887 F. Supp. 2d 90, 95 (D.D.C. 2012).  Kung "must allege specific facts upon which personal jurisdiction can be based."  *Azamar v. Stern*, 662 F. Supp. 2d 166, 170–71 (D.D.C. 2009).  And the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## III.

Because no federal long-arm statute applies, D.C. law dictates whether this Court has personal jurisdiction over ActBlue.  Fed. R. Civ. P. 4(k)(1)(A); *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).  Any exercise of personal jurisdiction must also suit the Fourteenth Amendment's Due Process Clause.  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021).  Under both D.C. law and the Due Process Clause, personal jurisdiction exists in two forms—general and specific.  *See id.*; D.C. Code §§ 13-422, 13-423(a).  The Court tackles each in turn, concluding that neither species exists here.  And because Kung has not explained how the Court could have personal jurisdiction over ActBlue, the Court will also reject his request for jurisdictional discovery.

**A.**

General personal jurisdiction does not exist here. "A District of Columbia court may exercise [general] personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Kung concedes that ActBlue does not satisfy these requirements. Mot. to Dismiss Resp. at 4, ECF No. 21. The ActBlue defendants are incorporated in and have their principal place of business in Massachusetts. Am. Compl. ¶ 9; Def.'s Ex. 1 ("Hoke Decl.") ¶ 3(a), ECF No. 13-1. That means that the ActBlue defendants are not "essentially at home" in the District. *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 889–90 (D.C. Cir. 2021) (citation omitted). So the Court cannot exercise general personal jurisdiction over them.

**B.**

Specific personal jurisdiction is also lacking. The Court may exercise personal jurisdiction over a non-resident defendant only if permitted by both the District's long-arm statute, D.C. Code § 13-423(a), and the Due Process Clause, *Forras v. Rauf*, 812 F.3d 1102, 1105–06 (D.C. Cir. 2016). Each source of law requires a connection between the defendant's "suit related conduct" and the District. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). No such connection exists here.

Start with the District's long-arm statute. Kung does not address this law. In fact, he essentially concedes that the Court lacks specific personal jurisdiction over ActBlue. Mot. to Dismiss Resp. at 4. Still, the Court considers the three clauses of the long-arm statute that might apply.

First, the District permits personal jurisdiction "as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1). Kung says that ActBlue does business in the District and gives evidence that "3 of the ActBlue entities" have registered for that purpose. Mot. to Dismiss Resp. at 4; *see id.* at 8–10.[2]

But the fact that ActBlue has some business here is not enough. Section 13-423(a)(1) is expansive, but it still "contemplates a connection that is related to the claim in suit." *Forras*, 812 F.3d at 1106 (cleaned up). And Kung offers no theory for how ActBlue's business here "relate[s]" to the texts he apparently received in California. *Id.*; *see* Am. Compl. ¶¶ 4, 39, 45 (suggesting Kung received the texts in California, where he lives). Indeed, ActBlue's only apparent connection to the texts is that it ran the donation website. *See* Am. Compl. ¶¶ 23–30; *see* Am. Compl. at 14–21. And even the mere fact that ActBlue's website is theoretically accessible in the District would not justify haling ActBlue into court here. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1346 (D.C. Cir. 2000); *Safex Found., Inc. v. SafeLaunch Ventures Ltd.*, 694 F. Supp. 3d 1, 10 (D.D.C. 2023). Without more, subsection (a)(1) does not apply.

Kung falls even further short of invoking the long-arm statute's tort-related provisions. Subsections (a)(3) and (a)(4) permit personal jurisdiction over claims related to a defendant's actions that caused "tortious injury in the District of Columbia." D.C. Code § 13-423(a)(3), (4). Again, Kung does not allege that he suffered injury here. *See* Am. Compl. ¶¶ 4, 39, 45. So these provisions cannot apply. *Forras*, 812 F.3d at 1106–08.

---

[2] This evidence comes from Kung's response to the motion to dismiss, but the Court considers it together with his complaint because Kung is pro se. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).

More, even if Kung had satisfied the statute, the Due Process Clause would still independently forbid the Court from exercising personal jurisdiction over ActBlue. When the defendant is not "essentially at home" in the forum, "personal jurisdiction can be exercised only with respect to claims that arise out of or relate to the defendant's contacts with the forum." *Ford Motor*, 592 U.S. at 358–59. Because Kung's claims are unrelated to ActBlue's actions in the District, the Court cannot exercise personal jurisdiction over ActBlue.

### C.

Finally, the Court will deny Kung's request for jurisdictional discovery. Mot. to Dismiss Resp. at 3–4. Jurisdictional discovery is appropriate when "a party demonstrates that it can supplement its jurisdictional allegations through discovery." *GTE New Media Servs.*, 199 F.3d at 1351. Kung has not made this showing. His request rests instead on conclusory allegations and supposition. Again, although Kung says ActBlue does some business here, he does not explain how that business could relate to the unwanted texts. Mot. to Dismiss Resp. at 3–4. Without more, there is no reason to believe that jurisdictional discovery would be anything but "a fishing expedition." *Lewis v. Mutond*, 62 F.4th 587, 596 (D.C. Cir. 2023).

### IV.

Because this Court lacks personal jurisdiction over ActBlue, it will grant the motion to dismiss. That dismissal will be without prejudice, as it must be. *See Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1038 (D.C. Cir. 2020). An appropriate Order will issue today.

Dated: October 20, 2025                                          TREVOR N. McFADDEN, U.S.D.J.